### Commonwealth v. Prendergast

*John R. Graham,* Assistant District Attorney, for Commonwealth.

*Francis R. Lord,* for defendant.

deFURIA, J., November 26, 1969.—Defendant has petitioned for pretrial relief under rule 304 of the Pennsylvania Rules of Criminal Procedure.

Defendant stands indicted under June sessions 1969, no. 210, for failure to stop motor vehicle after an accident, under no. 211 for operating a motor vehicle while under the influence of intoxicating liquor, and under no. 212 for involuntary manslaughter.

Defendant initially filed three pretrial requests. The attack on the constitutionality of the chemical test statute, infra, has been withdrawn. The "application" for a ruling on defendant's right to plead guilty to one indictment (no. 210, failure to stop) is more of a request for an advisory opinion as to the effect of the entry of the guilty plea than it is for a ruling on the right to plead guilty. The final application is for a trial severance of the drunken driving indictment from the other two indictments.

Defendant concedes that all of the charges arose from a single set of circumstances: the operation of a motor vehicle by the defendant, and a collision between the motor vehicle and a pedestrian (a four year old child), as a result of which the child died.

After arrest, defendant submitted to a "Mobat" test, the result of which is admissible in evidence as raising a presumption of intoxication. Defendant claims that the use of such presumption, so arising, is limited to trials wherein the defendant "is charged with driving . . . while under the influence of intoxicating liquor (Act of July 31, 1968, no. 237, 75 PS §624.1, Supp.), and its use in the manslaughter charge would be prejudicial.

We think not. Prejudice is not the same as damaging evidence.

The Penal Code of June 24, 1939, P. L. 872, sec. 703 provides: "Whoever is convicted of involuntary manslaughter, happening in consequence of an unlawful act . . ." (18 PS §4703) shall be subject to a sentence of fine and/or imprisonment. Driving while intoxicated is such an unlawful act as is required for conviction of involuntary manslaughter: Commonwealth v. Rabenold, 32 Lehigh 263 (1966). Therefore, proof of the "unlawful act" may be shown by the presumption arising from the breath test. See Wells v. State, 239 Ind. 415, 158 N. E. 2d 256 (1959). See also Commonwealth v. Tanchyn, 24 Monroe 103 (1964), affirmed 200 Pa. Superior Ct. 148, 188 A.2d 824, certiorari denied 84 S. Ct. 138, 375 U. S. 866. The Tanchyn case arose prior to the Act of July 28, 1961, P. L. 918, which was amended by the 1968 Act now in issue, and the court held that the result of a blood test, showing percentage of alcohol therein, was admissible on a charge of involuntary manslaughter.

If the results of such tests may be shown, the legal presumption arising therefrom should be admissible also.

Consolidation for trial of separate indictments is in the discretion of the court, where the offenses are similar, related or connected: Commonwealth ex rel. Spencer v. Banmiller, 186 Pa. Superior Ct. 99 (1958); Commonwealth v. Johnson, 206 Pa. Superior Ct. 147 (1965).

### ORDER

And now, November 26, 1969, defendant's petition to sever the trial on indictment no. 211, June sessions 1969, from the trial on indictment no. 212, June sessions 1969, is refused.

Indictments nos. 210, 211 and 212, June sessions, shall be consolidated for trial.

Exception granted.